[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10573
Non-Argument Calendar

_____

D.C. Docket No. 9:19-cr-80160-RS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY ROGER KOLLIGIAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 30, 2020)

Before NEWSOM, LAGOA and MARCUS, Circuit Judges.

PER CURIAM:

Gary Kolligian appeals his 97-month sentence, arguing that it was substantively unreasonable because the district court gave excessive consideration to § 2G2.2 of the United States Sentencing Guidelines at the expense of the other 18 U.S.C. § 3553(a) sentencing factors.   He also attacks the validity of § 2G2.2 on policy grounds, claiming that it is unduly harsh.  After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'"  Id. at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]  The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion.  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

A sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily. Pugh, 515 F.3d at 1191-92.  A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness.  Id. at 1192.  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  We will vacate a sentence only if we are left with the "definite and firm" conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case. Pugh, 515 F.3d at 1191.

The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in § 3553(a), and the substantial deference afforded sentencing courts.  Rosales-Bruno, 789 F.3d at 1256.  We ordinarily expect that a sentence within the guideline range is reasonable. United States v. Whyte, 928 F.3d 1317, 1338 (11th Cir. 2019), cert. denied, 140 S. Ct. 875 (2020).  A sentence well below the statutory maximum also indicates

3

reasonableness. United States v. Nagel, 835 F.3d 1371, 1377 (11th Cir. 2016). The district court is not required to discuss each of the § 3553(a) factors, and an acknowledgement that it has considered the § 3553(a) factors will suffice. United States v. Turner, 474 F.3d 1265, 1281 (11th Cir. 2007). Further, we've noted that "a district court's decision to apply the guidelines to a particular case does not necessarily require lengthy explanation." United States v. Cubero, 754 F.3d 888, 901 (11th Cir. 2014) (quotations omitted).

Section 2G2.2 of the sentencing guidelines provides various sentencing enhancements for a child pornography conviction under 18 U.S.C. § 2252(a)(4) and other related offenses. See U.S.S.G. § 2G2.2. In 2013, the United States Sentencing Commission issued a report criticizing § 2G2.2 as outdated based on modern technology; as failing "to account fully for some offenders' involvement in child pornography communities and sexually dangerous behavior"; and as unduly lenient for some offenders and overly severe for others, leading to inconsistent application. Cubero, 754 F.3d at 898–99 (quotations omitted). Addressing a challenge to a sentence based on § 2G2.2, we held in Cubero that, notwithstanding the Sentencing Commission's 2013 report, the use of § 2G2.2 as an advisory guideline did not render a sentence procedurally or substantively unreasonable. Id. at 900.

The district court did not abuse its discretion in sentencing Kolligian to serve 97-months' imprisonment. In Cubero, we squarely rejected the same arguments

4

Kolligian brings now. See id. He offers no argument that Cubero is distinguishable other than claiming that the district court in his case failed to consider his policy arguments. But the district court said that it had an opportunity to review Kolligian's motion for a downward variance -- the bulk of which was concerned with his policy arguments against § 2G2.2 -- before it sentenced him, and Kolligian reiterated these policy arguments during the hearing itself. In addition, as the record reflects, the district court gave several reasons in support of its sentence, noting in particular its disbelief that Kolligian did not know he was committing a crime. It added afterward that it chose the low end of the guideline range in part because of the testimony of Kolligian's expert, who opined that Kolligian was a low-risk offender. It also mentioned that it had considered the § 3553(a) factors, which it was not required to discuss individually. See Kuhlman, 711 F.3d at 1326.

In any event, a lengthy explanation is not necessary for a sentence, like Kolligian's, falling within the advisory guideline range. See Cubero, 754 F.3d at 901. Indeed, Kolligian's 97-month sentence was at the bottom end of his guideline range and well below the statutory maximum of 240 months' imprisonment. On this record, Kolligian has not shown that his sentence is substantively unreasonable, and we affirm.

**AFFIRMED.**